IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:25-cv-323-TFM-B |
| ) | |
| KELLY D. GOFF, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Pending before the Court is *Jane Doe's Motion to Proceed Pseudonymously* (Doc. 2, filed 8/5/25). Defendant responded that there is no opposition to the motion. *See* Doc. 20. The motion is now ripe for resolution.

As courts have long recognized, "[l]awsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). We view "'[t]he operations of the courts and the judicial conduct of judges' as 'matters of utmost public concern'" because "'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (first quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978); and then quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). As such, ordinarily, courts require that parties to a lawsuit proceed "in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). That said, a party may overcome this "strong presumption" against anonymous pleading only by establishing "that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. at 1315-16 (quoting *Frank*, 951 F.2d at 323).

Having reviewed the motion, brief, and the lack of opposition, the Court finds that the motion is well-taken. For the reasons stated in the motion and brief, the request to proceed pseudonymously is **GRANTED**.

**DONE** and **ORDERED** this 27th day of January 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE