IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANE DOE,                                      )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )        CIV. ACT. NO. 1:25-cv-323-TFM-B
                                               )
KELLY DEAN GOFF,                               )
                                               )
        Defendant.                             )

## ORDER

Pending before the Court is Plaintiff's *Motion to Dismiss Counterclaim* (Doc. 34, filed 3/20/26).  With regard to the Counterclaim, even before the motion to dismiss had been filed, the Court flagged this jurisdictional issue and was in the midst of drafting a *sua sponte* order regarding jurisdiction.  "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.; see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Generally, "[i]n a given case, a federal district court must have at least one of three types

of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). In the Counterclaims, Defendant/Counterclaimant Goff asserts two counts – breach of contract and unjust enrichment – presumably under Alabama law. However, Defendant Goff does not assert a jurisdictional basis for asserting these claims in this case. While the claims involve the same parties, they do not appear to fall under compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a)(1). Specifically, the claims do not, as currently pled, appear to "arise[] out of the transaction or occurrence that is the subject matter of the [Plaintiff's] claim." Fed. R. Civ. P. 13(a)(1)(A). Thus, it would fall under Rule 13(b) for permissive counterclaim which must be supported by its own grounds of federal jurisdiction, or it will be excluded from the case. *See Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 236 (5th Cir. 1970)[1]; *see also Nationwide Prop. & Cas. Co. v. Allen*, Civ. Act. No. 2:08-cv-124-JHH, 2008 U.S. Dist. LEXIS 140429, *10, 2008 WL 11423849, *4 (N.D. Ala. Dec. 10, 2008) (citing *Diamond*). Put differently, the Court can exercise supplemental jurisdiction over compulsory counterclaims but must have separate and independent jurisdiction over permissive counterclaims.

Therefore, based upon the Plaintiff's motion and the analysis identified above, Defendant Goff must show cause why the Counterclaims must not be dismissed for lack of subject-matter jurisdiction. Defendant's response to the show cause order shall be due on or before **April 3, 2026**.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

**DONE** and **ORDERED** this 20th day of March 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE