**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim Defendant,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-323-TFM-B** |
| | ) | |
| **KELLY DEAN GOFF,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim Plaintiff.** | ) | |

**ORDER**

Pending before the Court is the *Motion for Ruling on Plaintiff's Motion for Leave to Amend Complaint and Motion to Dismiss Defendant's Counterclaims* (Doc. 66, filed August 18, 2026) in which Defendant Kelly Goff ("Defendant") motions the Court to expedite a ruling for Plaintiff Jane Doe's Motion to Dismiss Counterclaim (Doc. 34) and Motion for Leave to Amend Complaint (Doc. 35). Defendant states Plaintiff's motions have been under submission with the Court for more than four and one-half months, along with his motion for summary judgment, discovery closes on August 31, 2026, dispositive motions are due by September 25, 2026, and a settlement conference is scheduled before the Magistrate Judge on September 1, 2026. Doc. 66.

Defense counsel previously contacted chambers by telephone to push for a resolution of his motion for summary judgment and seemingly cannot read the room when the Court's response was to summarily deny Defendant's previously filed request for the Court to expedite a ruling on his motion for summary judgment. *See* Docs. 57, 61, 64. Plainly stated, this is not the only case on this Court's docket and Defendant does not get to line jump in front of other pending motions simply because he demands it. It is for the Court to determine the priorities of its docket not the

Defendant. Put simply, criminal cases come first followed by civil cases that are older or have a statewide impact. Additionally, the reasoning provided by the Defendant – incurring attorney's fees – is true for all parties involved in litigation.

The Court has inherent power to control the disposition of pending matters in the manner and timing as it deems appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 ("[A district court has inherent power] to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citation omitted)).

The motion for ruling (Doc. 66) is **GRANTED**. The adage of "be careful what you wish for" may apply in that Defendant may find the reality does not live up to his desire. The Court issues this short summary order to provide the answer to the request and the motions but will issue a more detailed opinion with its full reasoning at a later stage. It is **ORDERED** that both Plaintiff's motions (Docs. 34, 35) are **GRANTED**.

Plaintiff's motion to dismiss counterclaim (Doc. 34) requests dismissal of Defendant's counterclaims for breach of contract and unjust enrichment, as they are state law claims that is unrelated to Plaintiff's federal claim and is not supported by an independent jurisdictional basis. *See East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989) ("[A] federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis." (citation omitted)). Therefore, Defendant's breach-of-contract and unjust enrichment counterclaims are **DISMISSED without prejudice** for lack of jurisdiction.

Plaintiff's motion to amend (Doc. 35) seeks to add to her complaint a count for the tort of outrage, a state-law claim that is directly related to her federal claim and for which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Fed. R. Civ. P 15(a)(2) states "The court

should freely give leave when justice so requires." The motion was timely filed under the scheduling order, and the sole objection Defendant makes is that he wants his summary judgment ruled upon first. That is insufficient reasoning especially when the summary judgment motion was filed so early in the process. Plaintiff is **ORDERED** to separately file her Second Amended Complaint (Doc. 35-1) no later than **August 31, 2026**.

The Court declines to delve into the Defendant's motion for summary judgment (Doc. 39). Despite the lack of response, that does not inherently mean that "Defendant wins." "Summary judgment is not automatically granted by virtue of a non-movant's silence." *Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp.2d 1347, 1352 (S.D. Ala. 2011). "Even in an unopposed motion [for summary judgment], ... the movant is not absolve[d] ... of the burden of showing that it is entitled to judgment as a matter of law." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, FL*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion ... [and] ensure that the motion itself is supported by evidentiary materials."); Commentary to 2010 Amendments to Fed. R. Civ. P. 56(e) ("summary judgment cannot be granted by default even if there is a complete failure to respond to the motion"). While it is possible that Defendant's legal assertions may be correct and summary judgment might be due, it is not a simple question and seemingly an issue of first impression for the Courts. Additionally, resolution of the federal question does not mean that the state law claim is also resolved – as the Court could continue to exercise supplemental jurisdiction or decline supplemental jurisdiction under which Alabama courts could resolve all the claims between the parties. Additionally, the Court notes evidentiary issues that the picture submitted is

seemingly a photo of a photo on a screen – therefore there may be authenticity questions. The Court does have concerns that Plaintiff has failed to cooperate in discovery and failed to respond to the motion in accordance with the default schedule provided in the local rules. But those are all issues the Court can address when it takes up the summary judgment motion – which is not today.

**DONE** and **ORDERED** this 21st day of August 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE