IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:25-cv-323-TFM-B |
| | ) | |
| KELLY DEAN GOFF, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant's *Motion to Dismiss* (Doc. 69, filed 9/7/26). The motion is filed pursuant to Fed. R. Civ. P. 12(b)(6). However, that request suffers from a fatal flaw. Though the recently filed motion relates to the Second Amended Complaint filed on August 27, 2026, the motion to dismiss does not solely relate to the newly filed Count related to the state law claim on the tort of outrage.

"Although, under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case,' the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007)). However, the defendant may "plead anew in response to an amended complaint, as if it were the initial complaint, when the amended complaint changes the theory or scope of the case." *Id.* (citation and internal quotation marks omitted). In the instant motion, there are references to the federal claim (Count One) which did not change from prior versions of the complaint. The only new matters are Count Two for the state law claim of the tort of Outrage. In this case, as it relates

to the federal claim, an answer (Doc. 33) was filed on March 17, 2026 and indeed a motion for summary judgment (Doc. 39) was filed on April 1, 2026.

If a party seeks to raise such a defense by motion, then such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Based on the plain language of the rule, Rule 12(b) motions made after an answer has been filed are a "nullity." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002); *Whitehurst v. Wal-Mart Stores East, L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) (stating that a Rule 12(b) motion to dismiss "is a nullity if the party files that motion after raising the defense . . . in its answer").

In the case at hand, Defendant may certainly file a Rule 12(b) motion as it relates to the newly added count but may not backtrack on the federal claim that is already beyond the Rule 12(b) stage of the pleadings. That said, a defendant who includes a Rule 12(b) defense in his answer has preserved the ability to assert the defense. *See* Fed. R. Civ. P. 12(h)(1). Defendant Goff has certainly done so through his prior pleadings – to include the previously filed motion for summary judgment. However, this preserves the ability to challenge the issue in a different procedural motion. Instead, a defendant should use another method provided for by the Rules. The possible vehicles include a Rule 12(c) motion for judgment on the pleadings, a Rule 12(i) motion for a pretrial ruling on a defense, or a Rule 56 motion for summary judgment.

Rather than considering the motion to dismiss in piecemeal – i.e. only considering it under Rule 12(b) for the newly asserted state law claim – the Court finds that it is still appropriate to consider the motion in full under a different procedural vehicle. Defendant has already raised the issue in a previously filed (and still pending) motion for summary judgment. *See* Doc. 39. Therefore, Rule 56 is the most obvious solution to the issue and is permitted under Fed. R. Civ. P. 12(d) if the Defendant wishes the Court to consider evidence. This would permit the Court to

address both claims especially as the current posture of the case is that discovery has closed and dispositive motions are due by September 25, 2026. *See* Doc. 32.

Therefore, it is **ORDERED** that the newly filed motion is **CONSTRUED** as an Amended Motion for Summary Judgment and will be considered under Fed. R. Civ. P. 56. The Court will further consider the previously submitted evidence with the original motion for summary judgment. Considering this change, Defendant may file any supplemental materials he wishes to be considered in conjunction with the Rule 56 motion for summary judgment on or before **September 18, 2026**. Plaintiff must then file any response opposing this motion for summary judgment on or before **October 9, 2026**. The response must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and S.D. Ala. CivLR 7 and 56. If the moving party deems it necessary to reply, the reply brief must be filed on or before **October 19, 2026** at which time the Court will take the motion under submission.

Once the motion is taken under submission no further briefs, pleadings or submissions related to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown. These motions for summary judgment are being submitted without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

The parties are further advised that they are required to submit a paper courtesy copy of briefs and supporting evidence to the Chambers of the undersigned if the documents cumulatively exceed one hundred (100) pages. The courtesy copy shall be bound in a three-ring binder and tabbed.

**EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:**

The summary judgment procedure established in Rule 56 provides a means of promptly

disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue which can be decided only after a trial. Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

A party may move for summary judgment in accordance with the Court's scheduling order. The response of any party opposing the motion shall be filed within the time periods established herein. Any party opposing the motion has the right to file sworn affidavits, documentary evidence, other material opposing the motion, and a brief containing any legal arguments contrary to those presented by the party who filed the motion. The evidence submitted by the party who filed the motion may be accepted as the truth if not so contradicted.

Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.
(2) They must set forth facts that would be admissible in evidence.
(3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.
(4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits. Failure to respond to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In

other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by response as provided in the rules.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider any difficulty in opposing the motion. If the court should find that any affidavit, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party their reasonable expenses, including attorney fees, incurred because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

**NOTICE TO ANY UNREPRESENTED PARTIES**

If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the matters raised in the motion which may foreclose subsequent litigation on those matters. *See McBride v. Sharpe*, 25 F.3d 962, 968 (11th Cir. 1994) (*en banc*) *cert. denied*, 513 U.S. 990, 115 S. Ct. 489, 130 L. Ed. 2d 401 (1994) ("Moreover, when a pro se litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.")

**DONE** and **ORDERED** this 9th day of September, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE